IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RANDALL S. BLANCHARD,

Plaintiff,

v.                                                                    No. 15-0689-DRH

UNION PACIFIC RAILROAD CO.,

Defendant.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

## I. Introduction and Background

Now before the Court is plaintiff/counterdefendant Randall S. Blanchard's motion to dismiss the railroad's counterclaim (Doc. 12). Blanchard contends that the counterclaim should be dismissed with prejudice as it fails to state a claim and that "the filing and pursuit of the Counterclaim herein violates 45 U.S.C. §§ 55 and 60 and the public policy expressed in the FELA, as it is an attempt at a set-off and is a 'device' through which Counterplaintiff seeks to exempt itself from its liability under FELA; furthermore, it is a 'device,' the purpose or intent of which is to prevent Counterplaintiff's employees from furnishing voluntary information regarding the accident on May 25, 2013." Obviously, Union Pacific opposes the motion contending that it has a right to recover from its employee the sums it is required to pay others because of its employee's negligence (Doc. 16). Based on the following, the Court agrees with Blanchard and **GRANTS** the motion to dismiss

the counterclaim (Doc. 12).

On June 23, 2015, Randall S. Blanchard filed a two count first amended complaint against Union Pacific Railroad Company ("Union Pacific") pursuant to the Federal Employer's Liability Act, ("FELA"), 45 U.S.C. § 51, et seq., (Count I) and pursuant to the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701, et seq., (Count II) (Doc. 5). Blanchard seeks damages for bodily injury he suffered on or about May 25, 2013, as a result of a train collision which occurred while Blanchard was working within the course and scope of his employment as a locomotive engineer with Union Pacific. Specifically, the train that Blanchard was operating collided at a railroad crossing near Chaffee, Missouri with a BNSF Railway freight train. Thereafter, Union Pacific filed its answer (Doc. 8) and a counterclaim against Blanchard for damages it "has sustained or will sustain in the future as a result of the damage to person, property, and equipment involved in this accident…." (Doc. 9).

## II. Analysis

A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted).

Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 570, 556 (2007)). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need[ +] not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

The FELA provides that railway employees enjoy a right of recovery for injury or death resulting in whole or in part from the negligence of any of the officers, agents or employees of the common carrier by railroad by whom said employees are employed. 45 U.S.C. § 51.   In *Sinkler v. Missouri Pacific Railroad Co.*, 356 U.S. 326 (1958), the Supreme Court stated that the FELA:

> was a response to the special needs of railroad workers who are daily exposed to the risks inherent in railroad work and are helpless to provide adequately for their own safety.  The cost of human injury, an inescapable expense of railroading, must be borne by someone, and the FELA seeks to adjust that expense between the worker and the

carrier.

*Id*. at 329 (citations omitted). The FELA provides injured workers with their exclusive remedy against their employers for injuries resulting from their employer's negligence. *New York Central Railroad Co. v. Winfield*, 244 U.S. 147, 151-52 (1917). To further the humanitarian purpose of the FELA, Congress eliminated several common-law tort defenses that had traditionally restricted recovery by injured workers. *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 542 (1994).

> Section 5 of the FELA provides:
>
> Any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void: Provided, That in any action brought against any such common carrier under or by virtue of any of the provisions of this chapter, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or the person entitled thereto on account of the injury or death for which said action was brought.

45 U.S.C. § 55.

> Section 10 of the FELA provides in part:
>
> Any contract, rule, regulation, or device whatsoever, the purpose or intent, or effect of which shall be to prevent employees of any common carrier from furnishing voluntarily information to a person in interest as to the facts incident to the injury or death of any employee, shall be void.

45 U.S.C. § 60.

The Court notes, as the parties do, that the Seventh Circuit Court of Appeals has not addressed this exact issue and that there is a split among the circuits on

this issue.[1] Here, the Court agrees with plaintiff and finds that the counterclaim must be dismissed. The Court is persuaded that the reasoning and rationale utilized by the undersigned in *In re National Maintenance & Repair, Inc.*, 09-0676-DRH, Doc. 42, is correct and equally applicable to the FELA and the facts of this case. In that case, the Seventh Circuit in affirming the undersigned held that "combining a property-damage counterclaim with a limitation of liability in order to wipe out a substantial personal injury claim under the Jones Act is a liability-exempting device forbidden by the Act." *Deering v. Nat'l Maint. & Repair, Inc.*, 627 F.3d 1039, 1048 (7th Cir. 2010)(Posner, J). While *Deering* examined decisions from a number of other circuits (see footnote one below) and the State of Washington and the issue decided was not relevant to the issue of concern in the case at bar, the discussion therein is instructive for the matters at hand. The *Deering* Court discusses the statutory construction of the fifth section of the FELA, the principal focus of the dispute here, and seems to find favor with the author, William P. Murphy, "Sidetracking the FELA: The Railroads' Property Damage Claims," 69 *Minn. L.Rev.* 349. In examining the issue of why Congress wasn't simply very specific about disallowing counterclaims, rather than leaving the courts of the succeeding years to interpret the language of any device whatsoever, Murphy pointed out, and the 7th Circuit alluded to, the reality of the day. On page 371 of

---

1 The Court respectfully disagrees and declines to follow the First, Fourth, Fifth, and Eighth Circuits' decisions holding that an employer, in an action under the FELA or Jones Act, may pursue a counterclaim against the employee for damage to the employer's property. See *Sprague v. Boston and Maine Corp.*, 769 F.2d 26 (1st Cir. 1985); *Cavanaugh v. Western Maryland Ry. Co.*, 729 F.2d 289 (4th Cir. 1984); *Withhart v. Otto Candies, L.L.C.*, 431 F.3d 840 (5th Cir. 2005); *Nordgren v. Burlington Northern R. Co.*, 101 F.3d 1246 (8th Cir. 1996).

the article, the author points out that one would not expect, in 1906 and 1908, Congress to anticipate "setoffs sounding in assumpsit could be raised against injured workers suing in trespass on the case. Moreover, the prevalence of the contributory negligence bar in pre-FELA common law also explains Congress' failure to enact an express prohibition of employers' property damage counterclaims in FELA suits." 69 *Minn. L.Rev.* 349 at 371.

Based on the rationale from *Deering* and the cases cited below, the Court finds that counterclaim of the case at bar is "a 'device' calculated to intimidate and exert economic pressure on Blanchard, to curtail and chill his rights and ultimately to exempt the railroads from liability under FELA." *Cavanaugh*, 729 F.2d at 295-96 (1984) (Hall, J. dissent)[2]; *Stack v. Chi., Milwaukee, St. Paul and Pac. R.R.*, 94 Wash.2d 155, 615 P.2d 457 (1980)(The Washington Supreme Court similarly found that employer negligence counterclaims violate Section 5 of FELA because such suits limit employer liability, as employees would then be reluctant to file FELA actions); *Kozar v. Chesapeake & Ohio Ry.*, 320 F.Supp. 335, 383-85 (W.D.

---

2 Specifically, Judge Hall found:
In my view, the railroads' counterclaim is a "device" calculated to intimidate and exert economic pressure upon Cavanaugh, to curtail and chill his rights, and ultimately to exempt the railroads from liability under the FELA. Here, as in *Stack*, the railroads' counterclaim violates 45 U.S.C. § 55 "because the ultimate threat of 'retaliatory' legal action would have the effect of limiting [the railroads'] liability by discouraging employees from filing FELA actions. Further, it would have the effect of reducing an employee's FELA recovery by the amount of property damage negligently caused by the employee." To allow the railroads' counterclaim to proceed would pervert the letter and spirit of the FELA and would destroy the FELA as a viable remedy for injured railroad workers. The result sought by the railroads, and accepted by the majority, defies common sense and is repugnant to the general goal of the FELA to compensate railroad workers for injuries negligently inflicted by their employers.
*Cavanaugh*, 729 F.2d at 296, C.J. Hall, dissenting (citations omitted).

MI. 1970)(Use of coercive tactics to discourage resort to FELA litigation creates "impermissible chill on rights created by Congress," which chill extends not only to FELA plaintiffs, but to all employees and their families-leading to intolerable results); *Yoch v. Burlington N.R.R.*, 608 F.Supp. 597, 598 (D. Colo. 1985)(District Court adopted *Stack's* rationale in dismissing $5 million property damage counterclaim that when injured railroad worker asserts claim under FELA, railroad defendant may not counterclaim for property damage caused in occurrence which gave rise to the employee's injuries or death.); *Waisonovitz v. Metro-North Commuter Railroad* 462 F.Supp.2d 292 (D. Conn. 2006)(Railroad, which was liable for injuries sustained by employee in a train accident, was barred from seeking contribution or indemnification under FELA from a co-employee); *Illinois Central Gulf Railroad Co. v. Haynes*, 592 So.2d 536 (Ala. 1991)(Employer could not maintain a third-party complaint against co-employee of injured worker for indemnity for amounts it might be required to pay worker for his personal injuries when the claim arose out of the same operative facts giving rise to the worker's FELA claims). Thus, the Court concludes that allowing the counterclaim violates 45 U.S.C. § § 55 & 60, and the public policy reflected in the FELA.  Ruling the way Union Pacific argues and as the other circuit courts did "will not only contravene the law, but will place an insurmountable chill on the longstanding rights of admiralty and rail workers to pursue their on duty injury claims.  If an injured worker has to fear a counter-claim every time he or she pursues the right to bring a suit for that injury, that worker will be less likely to exercise that right."  *In*

Page **7** of **8**

*re National Maintenace & Repair, Inc.*, 09-676-DRH; Doc. 42, p. 7.

### III. Conclusion

Accordingly, the Court **GRANTS** Blanchard's motion to dismiss Union Pacific Railroad Company's counterclaim (Doc. 12). The Court **DISMISSES with prejudice** Union Pacific Railroad Company's counterclaim (Doc. 9). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the end of the case.

**IT IS SO ORDERED.**

Signed this 1st day of February, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.02.01 16:02:05 -06'00'

**United States District Judge**